UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL BURKE | CIVIL ACTION |
| VERSUS | NO. 23-783-BAJ-RLB |
| SHELTER MUTUAL INSURANCE COMPANY | |

## ORDER

Before the Court is Defendant's Motion to Compel Plaintiff's Discovery Responses filed on April 5, 2024. (R. Doc. 16). The Court ordered Plaintiff to file any opposition on or before April 12, 2024. (R. Doc. 17). Plaintiff has not filed an opposition as of the date of this Order. Accordingly, Defendant's Motion to Compel is unopposed.

In this action, Rachel Burke ("Plaintiff") seeks recovery under an insurance policy issued by Shelter Mutual Insurance Company ("Defendant") with respect to property damage caused by Hurricane Ida. (R. Doc. 1).

On February 7, 2024, Defendant served Interrogatories and Requests for Production of Documents to Plaintiff. (R. Doc. 16-3).

On March 6, 2024, Plaintiff's counsel sent an email stating that they were providing everything in their possession in a "fileshare link" and requested a 2-week extension to provide discovery responses. (R. Doc. 16-4 at 2).

On March 21, 2024, defense counsel again requested, by email, that Plaintiff provide the discovery responses. (R. Doc. 16-4 at 1-2). Plaintiff's counsel responded on March 25, 2024, stating that they "should have responses" to defense counsel by that afternoon. (R. Doc. 16-4 at 1). Plaintiff's counsel did not, however, provide the responses.

Defense counsel represent that they then attempted to contact Plaintiff's counsel on March 27, 2024 and April 4, 2024 by telephone, "leaving detailed voicemails regarding the outstanding discovery requests," but did not receive any responses to these inquiries. (R. Doc. 16 at 1).

Considering the foregoing, Defendant filed the instant Motion to Compel. (R. Doc. 16). Given the representations in support of the Motion to Compel, the Court found good cause under Local Rule 7(f) to require Plaintiff to file any response to the motion on or before April 12, 2023. (R. Doc. 17). Plaintiff failed to file any timely response or otherwise explain her failure to respond to the discovery requests at issue.

A party must respond or object to an interrogatory or request for production within 30 days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to written discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

Here, Plaintiff failed to respond to the discovery requests at issue within the times allowed by the Federal Rules of Civil Procedure or otherwise agreed upon by the parties. Plaintiff has made no attempt to explain this failure. Accordingly, the Court will grant the Motion to Compel in its entirety.

As Plaintiff did not make any timely objections to Defendant's written discovery requests, the Court finds that Plaintiff has waived her objections to the written discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to

object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

Plaintiff may object to the discovery requests, however, to the extent they seek information that need not be provided until a later date under the Scheduling Order (R. Doc. 12), including the identity of expert witnesses and expert reports.

The Court will also award Defendant reasonable expenses incurred in bringing the instant Motion to Compel. Rule 37 provides the following:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>     **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>     **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>     **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Plaintiff has not provided any arguments in support of a finding that Defendant did not attempt in good faith to obtain the discovery at issue or any circumstances that would make an award of expenses unjust. Accordingly, the Court will award reasonable expenses pursuant to Rule 37(a)(5)(A).

For the foregoing reasons,

3

**IT IS ORDERED** that Defendant's Motion to Compel Plaintiff's Discovery Responses (R. Doc. 16) is **GRANTED**. Plaintiff shall provide complete responses to the interrogatories and requests for production at issue, without objections other than those pertaining to any applicable privileges or immunities, within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Defendant is entitled to an award of the reasonable attorney's fees and costs incurred in bringing their Motion to Compel, and that Plaintiff shall be responsible for such payment. In connection with these awards, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[1] Plaintiff and/or counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Defendant may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within **7 days** of the filing of Defendant's Motion for Fees and Costs, file any opposition pertaining to the imposition of the amounts requested by Defendant.

Signed in Baton Rouge, Louisiana, on April 15, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] This Court has previously found that a relatively modest award was reasonable under similar circumstances and that a reasonable award under Rule 37 may be less than the actual fees incurred.